IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE TRAVELERS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-1252C |
| | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT MOTION TO STAY PROCEEDINGS

Pursuant to Rules 1 and 83(b) of the Rules of the United States Court of Federal Claims, the parties jointly request that the Court stay all proceedings in this case. On December 2, 2005, plaintiff, The Travelers Insurance Company, filed its complaint. Plaintiff, a surety that issued performance and payment bonds to a Government contractor, alleges that it performed pursuant to its payment bond, that it is subrogated to the rights of the Government contractor, and that it is entitled to recover from the Government monies that were wrongfully disbursed to the Government contractor. The Government has not yet filed a response to the complaint.

If this case is not stayed, the Government would file a motion to dismiss, arguing that the plaintiff has not stated a claim upon which relief can be granted because a payment bond surety is subrogated only to the rights of the subcontractors and suppliers it paid, not to the rights of the Government contractor. The Government's motion to dismiss would be based primarily upon the Federal Circuit's decision in Insurance Co. of the West v. United States, 243 F.3d 1367 (Fed. Cir. 2001) ("ICW"), in which the court said, "It is well-established that a surety who discharges a contractor's obligation to pay subcontractors is subrogated only to the rights of the subcontractor. Such a surety does not step into the shoes of the contractor and has no enforceable rights against the government." 243 F.3d at 1371.

As this Court is aware, the Government has filed similar motions in numerous other cases. The plaintiffs therein argue that the language in ICW is dicta, incorrect as a matter of law, and should not be followed. Those cases include the following: Commercial Casualty Ins. v. United States, No. 03-2033C; Nova Casualty Co. v. United States, No.04-1665C; Liberty Mutual Ins. v. United States, No. 04-254C; Cincinnati Ins. Co. v. United States, No.05-751C; National American Ins. v. United States, No. 04-1390C; Capitol Indemnity Corp. v. United States, No. 04-1478; U.S. Fire Ins. v. United States, No. 03-2811C; Gulf Ins. Co. v. United States, No. 03-626C; Mountbatten Surety Co. v. United States, No. 02-1228C; Lumbermens Mutual Casualty Co. v. United States, No.04-1255C. No final judgment has yet been issued in any of these cases.

The parties expect that this issue will ultimately be resolved by the Federal Circuit. In light of the many other prior cases that have raised this issue, the parties respectfully request that the Court stay proceedings in this case until the issue has been resolved by the Federal Circuit. Such procedure would promote judicial efficiency and would serve the interest of obtaining an inexpensive resolution of this case. See Rule 1 (rules should be "construed and administered to sure the just, speedy, and inexpensive determination of every action").

For the foregoing reasons, the parties respectfully request that the Court stay this proceeding until the Federal Circuit has decided whether a payment bond surety may be subrogated to the rights of Government contractors and may pursue claims against the United States.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
by/ James M. Kinsella
HAROLD D. LESTER, JR.
Assistant Director

s/ Robert G. Barbour
ROBERT G. BARBOUR
Watt, Tieder, Hoffar, & Fitzgerald, L.L.P.
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102-5104
Tele: (703) 749-1000
Fax: (703) 893-8039

s/ Doris S. Finnerman
DORIS S. FINNERMAN
Trial Attorney
Commercial Litigation Branch
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 307-0300
Fax: (202) 305-7643

Attorneys for Defendant

January 31, 2006