No. 05-1252C
(Judge Lettow)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

TRAVELERS INSURANCE COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

---

Robert G. Barbour, Esquire
WATT, TIEDER, HOFFAR
& FITZGERALD, L.L.P.
8405 Greensboro Drive, Suite100
McLean, Virginia 22102

Attorney for Plaintiff

March 10, 2006

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................ ii

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ........................................ 1

PLAINTIFF'S BRIEF ........................................ 2

STATEMENT OF THE QUESTION INVOLVED ........................................ 2

CONCISE STATEMENT OF THE CASE ........................................ 2

ARGUMENT ........................................ 4

I. Gulf Is Entitled to Judgment As a Matter of Law on Its Complaint ........................................ 4

CONCLUSION ........................................ 7

# TABLE OF AUTHORITIES

## CASES

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) .................................................... 4

Balboa Ins. Co. v. United States, 775 F.2d 1158 (Fed. Cir. 1985) ....................................4

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) ...................................................................4

Golden Pac. Bancorp v. United States, 15 F.3d 1066 (Fed. Cir. 1994) .............................4

Ins. Co. of the West v. United States, 55 Fed. Cl. 529 (2003) ...........................................5

Int'l Fid. Ins. Co. v. United States, 25 Cl. Ct. 469 (1992) .................................................5

Newark Ins. Co. v. United States, 144 Ct. Cl. 655, 169 F. Supp. 955 (1959) ....................6

Transamerica Premier Ins. Co. v. United States, 32 Fed. Cl. 308 (1994) ...................4, 5, 6

United States v. Testan, 424 U.S. 392 (1976) .....................................................................4

## STATUTES, RULES AND REGULATIONS

28 U.S.C. § 1491 ..........................................................................................................3, 4

RCFC 56 ......................................................................................................................1, 7

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **TRAVELERS INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 05-1252C** |
| **THE UNITED STATES,** | ) | **(Judge Lettow)** |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to the Court's February 13, 2006 Order and Rule 56 of the United States Court of Federal Claims ("RCFC"), Plaintiff, The Travelers Insurance Company, successor in interest by merger to Gulf Insurance Company ("Gulf"), respectfully requests that the Court enter summary judgment in Gulf's favor on its Complaint on the grounds that there is no genuine issue as to any material fact and Gulf is entitled to judgment as a matter of law. In support of its motion for summary judgment, Gulf relies upon the pleadings, the parties' Joint Stipulation of Material Facts and the following Brief.

# PLAINTIFF'S BRIEF

## STATEMENT OF THE QUESTION INVOLVED

Whether Plaintiff, as a matter of law, is entitled to recover payments wrongfully distributed by the Government to a defaulting contractor after the Government received notice from Plaintiff of the contractor's default and became a stakeholder in the contract funds?

## CONCISE STATEMENT OF THE CASE

In or about April 2003, the Government, acting through the United States Army Corps of Engineers, New England Military District, entered into Contract No. DACW33-03-C-0006 ("Contract") with M.A.T. Marine, Inc. ("M.A.T.") for a project designated as Sector Gates Repair, New Bedford, Massachusetts ("Project"). JS1; Compl. ¶4.[1] On or about April 8, 2003, Gulf, as surety for M.A.T., provided a performance bond ("Performance Bond") and a payment bond ("Payment Bond") for the Project in accordance with the Miller Act, 40 U.S.C. § 270 et seq. JS2; Compl. ¶5. The Performance Bond and the Payment Bond were received and accepted by the Government. JS3; Compl. ¶6.

By letter dated April 23, 2004, the Government was notified that Gulf had made actual payments in furtherance of its bond obligations, including a payment to one of M.A.T.'s subcontractors and loss adjustment expenses, totaling $14,025.85. JS4; Compl. ¶7. The Government was further notified in that same letter that Gulf had received an additional $21,276.55 in unsettled payment bond claims. Id. Accordingly, the Government was requested to withhold an additional $21,276.55 from any further payments to M.A.T., over and above the $14,025.85, and was directed that no payments from those withholdings be released to or for the

[1] "JS__" refers to the paragraph in the Joint Stipulations agreed to by the parties for purposes of dispositive motions. "Compl. __" refers to the paragraph in Plaintiff's Complaint filed in December 2005. Defendants have not yet filed an Answer in the case.

benefit of M.A.T. without Gulf's prior, written consent. JS5; Compl. ¶7. The Government received a copy of Gulf's April 23, 2004 letter by certified mail on May 7, 2004. JS6; Compl. ¶9.

On or about May 13, 2004, the Government made two wire transfers into M.A.T.'s account totaling $32,718.99. JS7; Compl. ¶10. At the time of those wire transfers, M.A.T.'s work under the Contract was completed and had been accepted by the Government. Id.

Gulf made payments to three of M.A.T.'s subcontractors and suppliers totaling $65,122.50 and, in exchange for those payments received full and final releases. JS8. The payments made by Gulf to M.A.T.'s subcontractors and suppliers were made pursuant to the Payment Bond issued for the Project. JS9.

On or about December 20, 2006, Gulf filed suit in this Court claiming that: 1) Gulf was equitably subrogated to M.A.T.'s contractual rights against the Government; 2) upon receiving notice, the Government became a stakeholder with respect to the remaining Contract funds not yet expended; 3) as a stakeholder, the Government had a duty to avoid actions that would impair Gulf's interest in Contract funds payable for work performed; and 4) the Government breached its duty to Gulf by wrongfully distributing payments to M.A.T. totaling $32,718.99 . Compl. ¶¶ 12, 13, 14, 15. Gulf based its allegations regarding this Court's jurisdiction upon the Tucker Act, 28 U.S.C. § 1491, which states, in pertinent part:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

ARGUMENT

I. Gulf is Entitled to Judgment As a Matter of Law on Its Complaint

Summary disposition is appropriate where there are no genuine disputes as to any material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Golden Pac. Bancorp v. United States, 15 F.3d 1066, 1071 (Fed. Cir. 1994). Disputes over facts that are not outcome determinative under the governing law will not preclude the entry of summary judgment. Anderson, 477 U.S. at 248. Summary judgment is not regarded as a disfavored procedural shortcut, "but rather an integral part of the [court] rules as a whole." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

While the Tucker Act, 28 U.S.C. § 1491, provides this Court with jurisdiction, it does not create any substantive right of recovery against the Government for money damages. United States v. Testan, 424 U.S. 392, 398 (1976). A claimant, therefore, must look beyond this jurisdictional statute and identify some substantive provision of law to establish entitlement. As reflected in Gulf's Complaint, Gulf has identified such a substantive provision of law in the Government's well-recognized duty, as a stakeholder in contract funds, to avoid actions that would impair Gulf's interest in contract funds payable for work performed. See Transamerica Premier Ins. Co. v. United States, 32 Fed. Cl. 308, 313 (1994) ("the Government, although not in privity with the surety, does have an obligation, consistent with its own business needs, to avoid actions that impair the surety's interest in the contract collateral, i.e., the contract proceeds on hand payable for work done"); see also Balboa Ins. Co. v. United States, 775 F.2d 1158, 1162 (Fed. Cir. 1985) (recognizing the Government's duty as a stakeholder to act with reasonable discretion).

As discussed above, it is beyond dispute that the Government's status as a stakeholder of contract funds arose before and existed at the time the Government made the two wire transfer payments totaling $32,718.99 at issue in Gulf's Complaint. On April 23, 2004, Gulf provided the Government with notice that Gulf had made actual payments in furtherance of its bond obligations and had received formal claims from others of M.A.T.'s suppliers and specifically requested that no further payments be released to M.A.T. without Gulf's consent. At this juncture, the Government was on notice of possible competing claims to any retained Contract funds and its status as a stakeholder was cemented. See Ins. Co. of the West v. United States, 55 Fed. Cl. 529, 539 (2003) (holding the Government became a stakeholder upon receipt of a letter from the surety's claims specialist confirming that the contractor was unable to complete certain bonded contracts and requesting that Contract funds be sent to the surety); Transamerica Premier, 32 Fed. Cl. at 313 (holding that the Government's obligations as a stakeholder are triggered "not only when the Government is informed of the contractor's actual default but also -- and perhaps more typically -- when the Government receives reasonable warning from the surety of a contractor's **threatened** default under the bond").

Neither is there any basis to dispute the nature of the Government's duty as a stakeholder in the remaining Contract funds. As the parties have stipulated, at the time of the wire transfers M.A.T.'s work under the Contract was completed and accepted by the Government. At this juncture, the Government's interest in retaining Contract funds disappeared and its duty was to avoid sending retained funds to the wrong party. Int'l Fid. Ins. Co. v. United States, 25 Cl. Ct. 469, 477 n.11 (1992) ("when the [Government] is acting solely as a stakeholder, i.e., when it has no interest in timely completion of the project, its duty is to pay the proper person and be liable for any incorrect distribution"); Transamerica Premier, 32 Fed. Cl. at 315-16 ("the Government's

interest [after performance] does not extend beyond avoiding liability for sending retained funds to the wrong party"). Thus, on May 13, 2004, the Government's duty was to make sure the Contract funds in its possession were not paid to the wrong party.

Finally, it is beyond dispute that the Government breached its duty as a stakeholder when, contrary to Gulf's notice and after the completion of M.A.T.'s work, the Government made payments to M.A.T. totaling $32,718.99. As this Court has held,

> where the Government has on hand contract funds owing for work done and is alerted, by the surety, to the possibility of unpaid materialmen's claims, and to the surety's demand that the contract funds be protected pending investigation, it may not dispense those funds to the contractor -- at least not without running the distinct risk of having to pay twice. The rule is one this Court has long adhered to.

Transamerica Premier, 32 Fed. Cl. at 314; see also Newark Ins. Co. v. United States, 169 F. Supp. 955, 957 (1959) ("If it is made to appear that the Government's officials, after due notice of the facts giving rise to an equitable right in the plaintiff surety company, and of the plaintiff's assertion of such a right, paid out, without a valid reason for so doing, the money in question to someone other than the plaintiff, the plaintiff will be entitled to judgment"). Thus, the payments made by the Government to M.A.T. on May 13, 2004, were made in clear violation of its duty as a stakeholder as recognized by this Court.

Because there is no material dispute as to any of the facts establishing the Government's status as a stakeholder, the duty that status placed upon the Government, and the Government's actions amounting to breach of that duty, Gulf is entitled to judgment on its claim as a matter of law. See, e.g. Transamerica Premier, 32 Fed. Cl. 308 (granting summary judgment against the Government where it disbursed funds in violation of its duty as a stakeholder.)

CONCLUSION

For the reasons set forth above, Gulf respectfully requests that this Court grant Gulf's motion for summary judgment pursuant to RCFC 56(b).

March 10, 2006

Respectfully submitted,

*/s Robert G. Barbour*

WATT, TIEDER, HOFFAR
& FITZGERALD, L.L.P.
8495 Greensboro Drive, Suite 100
McLean, VA 22102
(703) 749-1000

Attorney for Plaintiff

CERTIFICATE OF FILING

I hereby certify that on this 10th day of March 2006, a copy of PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT was electronically filed. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s Robert G. Barbour*

Doris Finermen, Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530