**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **THE TRAVELERS INDEMNITY COMPANY, Successor in Interest by Merger to GULF INSURANCE COMPANY** | ) | |
| **P.O. Box 131771** | ) | |
| **Dallas, TX 75313,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CASE NO. 05-1252C** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

Robert G. Barbour, Esquire
WATT, TIEDER, HOFFAR
& FITZGERALD, L.L.P.
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102-5104
(703) 749-1000 (Telephone)
(703) 893-8039 (Facsimile)

Attorney for Plaintiff
The Travelers Indemnity Company,
Successor in Interest by Merger to
Gulf Insurance Company

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **THE TRAVELERS INDEMNITY COMPANY, Successor in Interest by Merger to GULF INSURANCE COMPANY<br>P.O. Box 131771<br>Dallas, TX 75313,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CASE NO. 05-1252C** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW The Travelers Indemnity Company, successor in interest by merger to Gulf Insurance Company, by counsel, and for its Complaint against the United States of America alleges as follows:

## PARTIES

1. Plaintiff, The Travelers Indemnity Company, successor in interest by merger to Gulf Insurance Company ("Gulf"), is a corporation organized and existing under the laws of the State of Connecticut. At all times relevant hereto, Gulf was engaged in the insurance and surety industry, including the issuance of payment and performance bonds for construction projects.

2. The Defendant is the United States of America ("Government").

## JURISDICTION

3. This Court has jurisdiction over the subject matter of this action pursuant to the Tucker Act, 28 U.S.C. § 1491.

## BACKGROUND

4. In or about April 2003, the Government, acting through the United States Army Corps of Engineers, New England Military District, entered into Contract No. DACW33-03-C-0006 ("Contract") with M.A.T. Marine, Inc. ("M.A.T.") for a project designated as Sector Gates Repair, New Bedford, Massachusetts ("Project").

5. On or about April 8, 2003, Gulf, as surety for M.A.T., provided a performance bond ("Performance Bond") and a payment bond ("Payment Bond") for the Project in accordance with the Miller Act, 40 U.S.C. § 270 et seq. Copies of the Performance Bond and the Payment Bond are attached as Exhibit 1 and incorporated herein by reference. The Performance Bond and Payment Bond were provided pursuant to a General Agreement of Indemnity between Gulf and M.A.T.

6. The Performance Bond and the Payment Bond were received and accepted by the Government.

7. By letter dated April 23, 2004, the Government was notified that Gulf had made actual payments in furtherance of its bond obligations, including a payment to one of M.A.T.'s subcontractors and loss adjustment expenses, totaling $14,025.85. The Government was further notified in that same letter that Gulf had received an additional $21,276.55 in unsettled payment bond claims. Accordingly, the Government was requested to withhold an additional $21,276.55 from any further payments to M.A.T., over and above the $14,025.85, and was directed that no payments from those withholdings be released to or for the benefit of M.A.T. without Gulf's prior, written consent. A copy of Gulf's April 23, 2004 notice is attached as Exhibit 2 and incorporated herein by reference.

8. The Government received a copy of Gulf's April 23, 2004 letter by email and/or facsimile on or about April 27, 2004.

9. As reflected on the Certified Mail Receipt included with Exhibit 2, the Government received a copy of Gulf's April 23, 2004 letter by certified mail on May 7, 2004.

10. On or about May 13, 2004, the Government made two wire transfers into M.A.T.'s account totaling $32,718.99. At the time of those wire transfers, M.A.T.'s work under the Contract was completed and had been accepted by the Government.

**COUNT I**
(Wrongful Disbursement)

11. The allegations contained in paragraphs 1 through 10 above are incorporated herein by reference.

12. Upon performance of its obligations under the Payment Bond, Gulf was equitably subrogated to M.A.T.'s contractual rights against the Government.

13. Upon receiving Gulf's notification regarding the claims paid by Gulf and additional unsatisfied claims of M.A.T.'s subcontractors, the Government became a stakeholder with respect to the remaining Contract funds not yet expended, including the $32,718.99 paid to M.A.T. on or about May 13, 2004.

14. As a stakeholder, the Government had a duty to avoid actions that would impair Gulf's interest in Contract funds payable for work performed.

15. The Government breached its duty to Gulf by wrongfully disbursing payments to M.A.T. totaling $32,718.99 on or about May 13, 2004.

16. As a direct result of the Government's wrongful disbursements, Gulf has incurred damages in the amount of $32,718.99.

WHEREFORE, Plaintiff, The Travelers Indemnity Company, successor in interest by merger to Gulf Insurance Company, respectfully requests that judgment be entered in its favor against the Government in the amount of $32,718.99, plus interest and costs.

DATED: December 2, 2005

Respectfully submitted,

________________________________

Robert G. Barbour, Esquire
WATT, TIEDER, HOFFAR
& FITZGERALD, L.L.P.
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102-5104
(703) 749-1000 (Telephone)
(703) 893-8039 (Facsimile)

Attorney for Plaintiff
The Travelers Indemnity Company,
Successor in Interest by Merger to
Gulf Insurance Company