# In the United States Court of Federal Claims

No. 05-1252C

(Filed: April 2, 2008)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * )<br>)<br>THE TRAVELERS INDEMNITY COMPANY, SUCCESSOR IN INTEREST BY MERGER TO GULF INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>UNITED STATES, )<br>)<br>Defendant. )<br>)<br>* * * * * * * * * * * * * * * * * * * * * * | Satisfaction of judgment through payment received by way of a collateral proceeding; relief from judgment; RCFC 60(b)(5) |

Robert G. Barbour, Watt, Tieder, Hoffar & Fitzgerald, L.L.P., McLean, Virginia, for plaintiff.

Kirk T. Manhardt, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him were Jeffrey S. Bucholtz, Acting Assistant Attorney General, and Jeanne E. Davidson, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

This surety case has returned to the court because somewhat unusual circumstances have arisen. Defendant has filed a motion for relief from judgment, relying on Rule 60(b)(5) of the Rules of the United States Court of Federal Claims ("RCFC"). The motion is predicated on the fact that the judgment previously entered by this court in this surety case awarding $32,718.99 to

plaintiff ("Travelers"), *see Travelers Indem. Co. v. United States*, 72 Fed. Cl. 56, 68 (2006), has been satisfied through payment of a claim by plaintiff in a bankruptcy proceeding.

## BACKGROUND

Judgment was entered on July 27, 2006, and this case had been briefed on appeal and scheduled for oral argument before the U.S. Court of Appeals for the Federal Circuit when plaintiff recovered its claimed amount in a bankruptcy proceeding styled *In re M. J. H. Leasing, Inc., M.A.T. Marine, Inc.*, Nos. 04-18802, 04-19106 (Bankr., E.D. Mass). On November 19, 2007, the government moved in the court of appeals to vacate the judgment. In reliance on *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18 (1994), the court of appeals remanded the case to this court to address the request for vacatur. *See* Order of Remand, *Travelers Indem. Co. v. United States*, No. 2006-5143 (Fed. Cir. Jan. 9, 2008).

## ANALYSIS

The judgment in this case was appropriate when issued. The chief point in contention was a matter of law, *viz.* whether a surety on a payment bond had a right under the doctrine of equitable subrogation to recover contract funds that remained after performance of the contract had been accepted by the government. *See Travelers Indem.*, 72 Fed. Cl. at 60-66. The court ruled that Travelers had such a right and could enforce it in this court. *Id.* at 66-67. A subsequent decision by the Federal Circuit in a case raising the same legal question reaches the same result. *See National Am. Ins. Co. v. United States*, 498 F.3d 1301 (Fed. Cir. 2007). However, although the decision and judgment were proper when rendered in this case, now to allow the judgment to retain its force when Travelers has received payment via other means would countenance a double recovery. The government's motion seeks to forestall that result.

As a general matter, "a motion for a credit on a judgment should be treated as a Rule 60(b)(5) motion for relief from a judgment which has been satisfied, released or discharged." *Kassman v. American Univ.*, 546 F.2d 1029, 1033 (D.C. Cir. 1976) (awarding defendant a credit on the judgment against him in the amount plaintiff received from his settlement of another related suit against defendant); *see also Sunderland v. City of Philadelphia*, 575 F.2d 1089, 1090-91 (3d Cir. 1978) (defendant entitled to relief from judgment under Fed. R. Civ. P. 60(b)(5), to the extent the judgment was satisfied by payment by defendant to plaintiff's insurer on account of insurer's subrogated claim against defendant). RCFC 60(b)(5), the counterpart in this court to Fed. R. Civ. P. 60(b)(5),[1] provides in pertinent part that a party may be relieved from a final judgment where "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." The first of the three

---

[1]Except for stylistic differences, primarily those introduced by way of the 2007 amendments to the Federal Rules of Civil Procedure, RCFC 60 in all material respects has the same effect as Fed. R. Civ. P. 60. *See* Rules Committee Note to RCFC 60 (2002 revision).

alternative prongs of RCFC 60(b)(5), *i.e.*, satisfaction of the judgment, is "fairly straightforward." 12 James Wm. Moore, *et al.*, *Moore's Federal Practice*, § 60.45 at 60-155 (3d ed. 2007). Where this first prong of Fed. R. Civ. P. 60(b)(5) is invoked, the question typically posed is whether the judgment from which relief is being sought actually has been satisfied in whole or in part. *See Federal Deposit Ins. Corp. v. United Pac. Ins. Co.*, 152 F.3d 1266, 1275 (10th Cir. 1998) (to extent FDIC obtained double recovery of loss on loan, fidelity insurer entitled to credit based on net post-trial recovery by FDIC); *Torres-Troche v. Municipality of Yauco*, 873 F.2d 499, 501 & n.7 (1st Cir. 1989) (settlement payment by defendant's insurer credited against jury verdict obtained by plaintiffs against defendant). The fact of satisfaction is not at issue in this case.[2]

The only substantial question arising with relation to the government's motion is whether it was timely filed. Notably, a motion for relief from judgment under RCFC 60(b)(5) is not subject to a specific time limitation, *see Sunderland*, 575 F.2d at 1090, in contrast to motions under RCFC 60(b)(1), (2), and (3), which must be made not more than one year after judgment. *See Mudge v. United States*, 78 Fed. Cl. 818 (2007) (motion for relief from judgment under RCFC 60(b)(3) not timely brought when filed more than one year from date of judgment). Rather, motions submitted pursuant to RCFC 60(b)(4)-(6) "must be filed within a reasonable time." RCFC 60(b). Courts of appeals have concluded that timeliness respecting motions made under Fed. R. Civ. P. 60(b)(5) should be judged by "'whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner.'" *BUC Int'l Corp. v. International Yacht Council Ltd.*, __ F.3d __, __, 2008 WL 482159, at *2 (11th Cir. 2008) (quoting *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661 (1st Cir. 1990), and citing *In re Pacific Far E. Lines, Inc.*, 889 F.2d 242, 249 (9th Cir. 1989); *Planet Corp. v. Sullivan*, 702 F.2d 123, 126 (7th Cir. 1983)). In this instance, although the government's motion to obtain relief from the judgment was initiated in the court of appeals more than one year after the judgment was issued, and the motion in this court was presented several months after that, the government has moved with relative alacrity in seeking relief. The issue was raised with the court of appeals while the appeal from the judgment remained pending, and after the remand was obtained, the government moved promptly to bring to this court's attention the payment obtained by Travelers via the bankruptcy proceeding. There thus have been no prejudicial delays, and relief from the judgment has otherwise been shown to be appropriate.

---

[2]Travelers concedes that it received $370,845.13, reflecting payment in full of Travelers' unsecured claim against M.A.T. Marine ($347,423.28), plus interest. That receipt embraced the amount of the judgment awarded against the United States in this case ($32,718.99). *See* Def.'s Mot. at 2 n.1.

**CONCLUSION**

The government's motion for relief from judgment is GRANTED. Because the judgment has been satisfied by a payment obtained through another action, the clerk is directed to vacate the judgment previously entered and to dismiss this action.

IT IS SO ORDERED.

s/ Charles F. Lettow
Charles F. Lettow
Judge